UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BUTLER,<br><br>        Plaintiff,<br><br>   v.<br><br>PEREZ, et al.,<br><br>        Defendants. | 1:16-CV-00820-AWI-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1)  FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Thomas Butler ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on June 13, 2016.  (ECF No. 1).  Plaintiff alleges that prison authorities have failed to provide him with all incident reports related to inmates assaulting him.

This Court has screened the complaint and finds that it fails to state a claim.  The Court will provide Plaintiff with leave to amend his complaint within thirty days if he believes that additional facts will establish a claim under the applicable legal standards.  Plaintiff also has the option of standing on this complaint, in which case this Court will issue findings and

recommendations to the District Judge, recommending that the case be dismissed.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

On May 18, 2014, Plaintiff was assaulted by numerous inmates at California State Prison, Corcoran (CSP-COR). Plaintiff was in a coma after the assault and remained in the hospital for almost a year after. Plaintiff has received multiple crime incident reports of the event, which provide similar facts. For example, on May 8, 2014, Defendant Hood wrote on

CDCR form 837-C, Crime Incident Report, "'While performing my duties at 3A providing security, I observed inmate Davis, and inmate Butler approach each other in the middle of the yard standing in a bladed stance towards each other.  Inmate Davis struck inmate Butler in the facial area with his right closed fist.  Simultaneously, multiple inmates Jones, Brothers, Scott, Jenkins, and Clemman, swarmed around Butler and began striking Butler with closed fists.  I notified 3A Observation to put the yard down due to a fight on the yard.  Responding staff and I gave numerous orders to the aggressors to 'get down' with negative results.  Butler became defenseless and fell to the ground appearing to be unconscious, while all aggressors continued their assault upon Butler, punching him in the upper torso area.  Officers B. Yocum, A. Vasquez, and I formed a skirmish line approximately 40 feet from the incident.  All inmates on the yard complied except Davis.  Davis continued his attack on Butler who was lying motionless on his back unable to defend himself.  I observed Davis rear his right leg back and take a forward kick connecting the toe of his boot on Butler's head and continued his assault by raising his right leg with an upward bending at the knee, and stomping downward striking Butler's head.  Davis continued his attack of stomping Butler's head approximately 5 to 6 times.  Butler appeared to be unconscious and was unable to defend himself.  With every stomp, Butler's head bounced from the ground approximately 4 to 5 inches upward from the force of the strike, while his body lye [sic] motionless and his arms at his side.  Officers Yocum, Vasquez and I moved our skirmish line forward, and Davis stopped his attack and ran from the incident.  It should be noted due to my assignment of Facility 3A and daily interactions with these inmates I could positively identify the suspects and victim.[']"

Plaintiff's complaint quotes from four different crime incident reports, describing the assault from different perspectives, but largely describing a similar series of events.

Plaintiff requested the entire incident report related to his assault, but did not receive it. He was told that incident reports must be requested through the ISU.  He did so, but failed to receive a response.

Plaintiff filed numerous appeals related to the failure to obtain complete documentation about the incident.  These appeals were denied for various reasons, including timeliness.

Plaintiff describes the basis for his request for complete incident reports as follows: "Because of my head injuries I don't remember nothing but waking up in a outside hospital. I've been denied time and again the incident reports on the day in question so all I can relie [sic] on is first hand information by inmates who witnessed the events that took place.  I know from being on 3A that at least eight C/O's release yard Bldg to Bldg everyday alone [sic] with a Central Tower who oversees the yard for security purposes.  I was beaten unrecognizable by eight inmates the central control tower didn't shoot one time nor did he/she set off a alarm. Because of the poor security I was nearly killed and most of the guys involved got away."

Plaintiff requested that the prison launch an investigation into the central control C/O and "all other C/O's who were there."

Plaintiff alleges claims under the Fourteenth Amendment Due Process Clause based on the prison's withholding the incident reports.  He also alleges a claim under the Eighth Amendment against the central tower C/O for not shooting warning shots, against the yard staff for walking slowly to the incident, and against hospital staff for wanton infliction of pain.

## III.    ANALYSIS OF PLAINTIFF'S LEGAL CLAIMS

### A.    Due Process under the Fourteenth Amendment

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466 (1983).  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

As an initial matter, Plaintiff does not allege that he was deprived of a liberty interest. Plaintiff was not the subject of any disciplinary action or punishment.  Instead, Plaintiff was the

subject of a brutal assault by other inmates.  While the events described are terrible, they do not trigger due process rights.

Although it does not apply here, it is worth noting that even in prison disciplinary proceedings, there is not a right to all investigation documents.  Instead, the minimum procedural requirements that must be met in prison disciplinary proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Wolff, 418 U.S. at 563-71.

There is no general right to prison investigation files in order for an inmate to understand what happened to him during an assault.  Setting aside the legal issues regarding the due process clause, prisons are entitled to prepare confidential reports for their own understanding of an event.  Inmates do not generally have a right to all such reports.  Indeed, there are reasons regarding prison safety that prisons generally keep such reports confidential.

Furthermore, it appears that Plaintiff was given at least five reports of the events at issue.  While this may not be the entire investigation file, it appears that the prison has made available the facts related to the incident.

Plaintiff's complaint thus fails to state a constitutional claim for violation of due process.

**B.      Cruel and Unusual Punishment Under the Eighth Amendment**

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

"'[P]rison officials have a duty ... to protect prisoners from violence at the hands of

other prisoners.'" <u>Id.</u> at 833.  "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious[.]'  For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  <u>Id.</u> at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety."  <u>Id.</u>  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> at 837.

Here, Plaintiff has not alleged sufficient facts to establish that any individual defendant acted with deliberate indifference to his safety.  It is clear that other inmates were the cause of Plaintiff's assault.  According to the crime incident reports quoted in Plaintiff's complaint, correctional officers responded diligently to the assault, including giving orders for inmates to "get down," forming a "skirmish line" to move forward to the fight, and aiming a rifle at the assailants.  While Plaintiff may disagree about whether they could have done more such as shoot at the assailants, there is no evidence that prison officers acted with deliberate indifference.  Instead, it appears that they responded quickly and indeed broke up the fight, although after Plaintiff had been seriously injured.

As to the hospital staff, the complaint is completely devoid of facts.  It simply states "[h]ospital staff wanton infliction of pain causing injury."  This is not enough to state a claim for violation of the Eighth Amendment.

Given the facts alleged, Plaintiff has failed to state a claim for violation of the Eighth Amendment.

## IV.    CONCLUSION

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Accordingly, the Court will

provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would

state a claim, within **thirty (30) days** from the date of service of this order;

3.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-00820-AWI-EPG;

4.    Alternatively, within thirty days from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to this Court issuing findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim; and

5.    If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within 30 days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **December 16, 2016**        /s/ Erica P. Grosjean

                                    UNITED STATES MAGISTRATE JUDGE